Filed 11/19/25  P. v. Hart CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G064908 |
| v. | (Super. Ct. No. 05CF3395) |
| OTIS DANDRE HART, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Andre Manssourian, Judge. Affirmed.

Reed Webb, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

Otis Dandre Hart filed a petition in the superior court for recall and resentencing pursuant to Penal Code section 1172.75.[1] The trial court denied Hart's petition as he had failed to establish grounds warranting relief.

Hart appealed.[2] Appointed appellate counsel for Hart filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216. Hart was given an opportunity to file a supplemental brief but did not do so. Exercising our discretion under *Delgadillo, supra,* 14 Cal.5th at page 232, we examined the entire record and find no reasonably arguable issue. We therefore affirm.

## PROCEDURAL HISTORY

In 2007, a jury convicted Hart of conspiracy to commit robbery, 17 counts of second degree robbery (§§ 211, 212.5, subd. (c)), one count of assault with a deadly weapon (§ 245, subd. (a)(2)), and being an active member of a criminal street gang (§ 186.22, subd. (a)). The jury also found certain enhancements to be true. On direct appeal to this court, the judgment was affirmed in part and reversed in part. (*People v. Hart* (Aug. 31, 2009, G039836) [nonpub. opn.].) On remand, the trial court sentenced Hart to a total term of 41 years in state prison.

## DISCUSSION

"Prison priors are governed by section 667.5. When first enacted in 1976, this section required trial courts to impose a one-year enhancement for any nonviolent felony for which a prison sentence was imposed, unless the defendant remained free of custody for at least five years after completing

---

[1] All further statutory references are to this code.

[2] Appellate counsel notes Hart filed two notices of appeal as to his petition for recall and resentencing. Since the second notice of appeal corresponds with the date of the trial court's denial order, we rely on this second notice as the operative one.

that sentence." (*People v. Espino* (2024) 104 Cal.App.5th 188, 194, review granted Oct. 23, 2024, S286987.) Now, section 1172.75 deems certain one-year sentence enhancements for prison priors, imposed before January 1, 2020, to be invalid and sets forth a mechanism for resentencing individuals "serving a term for a judgment" that includes one or more prison priors. (§ 1172.75, subds. (a) & (b).)

Here the trial court correctly found Hart ineligible for relief under section 1172.75 as Hart was "never alleged to have suffered, nor was any punishment imposed because of[] any sentencing enhancement pursuant to [section 667.5, subdivision (b)]." After independently reviewing the entire appellate record, we find no arguable issue.

## DISPOSITION

The postjudgment order denying Hart's petition is affirmed.


MOTOIKE, ACTING P. J.

WE CONCUR:


SANCHEZ, J.


BANCROFT, J.*

*Judge of the Orange County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

3